UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE-SHELBY DIVISION
Civil Action No.: 1:11-CV-00028

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | **VERIFIED COMPLAINT FOR** |
| v. ) ) | **DECLARATORY JUDGMENT** |
| HORTON SALES DEVELOPMENT CORP., WILLIAM GREG HORTON, CATHRYN J. STROHM HORTON, and T. ALEXANDER BEARD, ) ) ) ) ) ) | |
| Defendants. ) ) | |

NOW COMES Plaintiff, United National Insurance Company, by and through its attorneys, and for its Verified Complaint for Declaratory Judgment against the Defendants, alleges and says:

### The Parties

1. Plaintiff, United National Insurance Company ("United"), is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania, and is authorized to transact the business of insurance in the State of North Carolina.

2. Defendant Horton Sales Development Corp. ("Horton Sales") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Henderson County, North Carolina.

3. Upon information and belief, Defendants William Greg Horton and Cathryn J. Strohm Horton (collectively referred to as "Horton") are citizens and residents of Henderson County, North Carolina.

4. Upon information and belief, Defendant T. Alexander Beard ("Beard") is a citizen and resident of Mount Pleasant, South Carolina.

5. Upon information and belief, Defendant Beard owns or has owned real property in the State of North Carolina which is or was used by defendant Horton Sales in connection with its business operations.

6. This Court has jurisdiction over the parties and subject matter jurisdiction pursuant to 28 U.S.C. §1332, based upon the diversity of citizenship of the parties and the fact that the matter in controversy exceeds seventy-five thousand dollars ($75,000.00).

## Nature of the Action

7. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

8. United seeks a declaration from the Court concerning its rights and obligations under a commercial general liability insurance policy issued by United to Defendant Horton Sales, for damages that may be assessed against Defendants under a demand from the South Carolina Department of Health and Environmental Control ("Department") for recovery of clean-up costs arising from alleged contamination of a site owned or operated by one or more Defendants.

## Underlying CERCLA Demand

9. The Department sent a letter dated November 18, 2010, to attorneys for one or more Defendants demanding payment for clean-up costs arising from alleged contamination of the site of a facility known as "Horton Sales Development Corporation" ("the Site"), located at 1870 Piedmont Highway, Greenville County, South Carolina, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.* ("Demand Letter").

10. A genuine copy of the Demand Letter is attached hereto as **Exhibit A.**

11. The Demand Letter alleges, *inter alia*, that Defendants Horton and Horton Sales are potentially responsible parties for CERCLA liability for recovery costs resulting from the clean up of the Site in that from approximately August 1995 until November 2002, Defendants Horton and Horton Sales and IBC Logistics, LLC, operated a container recycling business at a facility on the Site; that in 2006, the Department collected samples and determined that the Site met the criteria for a removal action under the National Contingency Plan; that in December 2006, the Department initiated a removal action to mitigate threats to human health and the environment due to the release and threat of release of hazardous substances, pollutants, or contaminants from various sources including thousands of containers (also known as intermediate bulk containers, IBCs or bladders) on the Site, the container warehouse building, sumps and drains; and that the Department seeks reimbursement from the responsible parties for recovery costs in the sum of $4,269,071.70.

12. Defendant Beard sent a letter to United dated December 1, 2010, in which Defendant Beard enclosed the Demand Letter and requested defense and indemnity from United for damages Defendant Beard may owe as a potentially responsible party in connection with the clean-up of the Site by the Department.

13. United sent a letter to Defendant Beard dated February 2, 2011, in which United denied that it owes coverage to Defendant Beard or any other potentially responsible party for the clean-up of the Site.

## INSURANCE POLICY

14. United issued to Horton Sales a commercial general liability insurance policy, policy number L-7102277, with effective dates of 11/20/95 to 11/20/96 ("Policy").

15. A genuine copy of the Policy is attached hereto as **Exhibit B.**

16. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement,** paragraph **b.(1),** the Policy covers "property damage" caused by an "occurrence." The recovery costs and damages sought in the Demand Letter are not for damages caused by an "occurrence" within the meaning of the Policy.

17. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement,** paragraph **b.(2),** the Policy covers "bodily injury" or "property damage" which "occurs during the policy period." The recovery costs and damages sought in the Demand Letter are not for "bodily injury" or "property damage" that occurred during the Policy period.

18. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **a.**, the Policy excludes coverage for "bodily injury" or "property damage" that was "expected or intended from the standpoint of the insured." The recovery costs and damages sought in the Demand Letter are for injury or damages expected or intended by one or more Defendants.

19. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **b.**, the Policy excludes coverage for damages the insured is obligated to pay "by reason of the assumption of liability in a contract or agreement." To the extent that the recovery costs and damages sought in the Demand Letter are for injury or damage for which liability was assumed in a contract or agreement, Exclusion **b.** bars coverage for the recovery costs and damages sought in the Demand Letter.

20. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **f.(1)**, the Policy excludes coverage for:

**f.(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible;

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations;

    (i) if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

    (ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

Subparagraphs **(a)** and **(d)(i)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. . .

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b) claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

1540405 v1

5

Case 1:11-cv-00028-MR -DLH   Document 1   Filed 02/09/11   Page 5 of 11

The recovery costs and damages sought in the Demand Letter fall within Exclusion **f.(1)** of the Policy.

21. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **j.(1),** the Policy bars coverage for "property you own, rent, or occupy." The recovery costs and damages sought in the Demand Letter are for alleged damage to property owned, rented or occupied by one or more Defendants.

22. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **j.(2),** the Policy bars coverage for "[p]remises you sell, give away or abandon, if the 'property damage' arises out of any part of those premises." The recovery costs and damages sought in the Demand Letter are for alleged damage to property sold or abandoned by one or more Defendants.

23. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **j.(5),** the Policy bars coverage for that particular part of real property on which you or any contractors or subcontractors are "performing operations." The recovery costs and damages sought in the Demand Letter are for damage to premises upon which one or more Defendants was performing operations.

24. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **j.(6),** the Policy bars coverage for property that must be restored because the insured's work was "incorrectly performed on it." The recovery costs and damages sought in the Demand Letter are for damage to property on which one or more Defendants' work was allegedly incorrectly performed.

25. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **k.**, the Policy bars coverage for "property damage" to the insured's "product." To the extent that the recovery costs and damages sought in the Demand Letter are for damage to "your product" as defined in the Policy, Exclusion **k.** bars coverage.

26. Under "**SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** paragraph **l.**, the Policy bars coverage for "property damage" to "your work." To the extent that the recovery costs and damages sought in the Demand Letter are for damage to "your work" as defined in the Policy, Exclusion **l.** bars coverage.

27. Under the **"ADDITIONAL INSURED"** Endorsement to the Policy, Defendant Beard is an additional insured but only "as respects liability arising out of the operations of the Named Insured." To the extent that the recovery costs and damages sought in the Demand Letter are not for liability of Defendant Beard arising out of the work or operations of Horton Sales, Defendant Beard is not an additional insured under the Policy.

28. Under the "Classification Limitation Endorsement" to the Policy, coverage is limited solely to the classification code listed in the policy, "Distributor." To the extent that the recovery costs and damages sought in the Demand Letter are not for Defendants' liability as a distributor, no coverage exists for such recovery costs and damages under the Policy.

29. Under the **"EXCLUSIONS"** Endorsement of the Policy (form **MDEX-1**), the following pollution exclusion is added:

POLLUTION AND HEALTH HAZARD EXCLUSION

This insurance does not apply, either for defense or for indemnification, to any claim, suit or demand alleging bodily injury, including psychological injury, property damage, personal injury, advertising injury or medical payments (including any costs incurred in cleaning up, remedying or detoxifying any contamination arising wholly or in part, directly or indirectly, from either (1) the contamination of the environment by any pollutant that is introduced at any time, anywhere, or in any way; or (2) on account of a single, continuous or intermittent or repeated exposure to, ingestion of, inhalation of or absorption of any Health Hazard.

As used in this endorsement the following terms shall have the following meanings:

"Contamination" means any unclean or unsafe or injurious or unhealthful condition arising out of the presence of any pollutant, whether permanent or transient, in any environment.

"Electromagnetic Field Radiation" means any discharge, emission, release, broadcast or transmission of any form of electromagnetic energy emanating from any power line, communications tower, generating system, electrical equipment or device or any other manmade source.

"Environment" means any natural or manmade object or feature, person, animal, crop, vegetation, area of land, body of water, underground water or water table supplies, air or air supply (whether inside or outside of any structure) and any other feature of the earth or its atmosphere, whether or not altered, developed or cultivated, whether or not any such environment was owned, controlled or occupied by any insured.

"Health Hazard" means any chemical, acid, alkali, radioactive material, or any other irritant or any pollutant or other substance, product, or waste product, or the fumes or other discharges or effects therefrom, whether liquid, gas or solid, alleged or determined to be toxic or harmful to the health of any person, plant or animal.

"Pollutant" means any smoke, vapors, soot, Electromagnetic Field Radiation, fumes, acids, alkalis, chemicals, liquids, solids, gases, radiation, thermal pollutants, noise or sound of any kind or any other irritant or contaminant.

The recovery costs and damages sought in the Demand Letter fall within this pollution exclusion added by Endorsement to the Policy.

30. Under the **"EXCLUSION – PRODUCTS – COMPLETED OPERATIONS HAZARD"** Endorsement (CG 21 04 11 85), the Policy excludes coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard." To the extent

1540405 v1

that the recovery costs and damages sought in the Demand Letter fall within the "products-completed operations hazard" as defined in the Policy, this exclusion bars coverage.

## DECLARATORY RELIEF SOUGHT

31. Upon information and belief, Defendants contend that they are entitled to defense and/or indemnification under the Policy for the recovery costs and damages sought in the Demand Letter.

32. United denies that Defendants are entitled to defense and/or indemnity under the Policy for the recovery costs and damages sought in the Demand Letter.

33. United is entitled to a declaration from this Court that the Policy affords no coverage for recovery costs and damages sought in the Demand Letter and that United has no duty to defend any Defendant in any suit that may be filed against the Defendants arising from the facts and circumstances set forth in the Demand Letter.

34. A real and justiciable controversy exists between United and the Defendants necessitating judicial determination of the rights and responsibilities of United under the Policy.

WHEREFORE, United prays for the following relief:

1. That the Court declare that Defendants are not entitled to indemnity from United for recovery costs or damages sought in the Demand Letter and that United has no duty under the Policy to defend any Defendant in suit or proceeding that may be filed in connection with such Demand Letter or the facts or events recited therein;

2. That the Court declare and adjudicate all other rights and obligations between the parties under the Policy;

3. That United have and recover its costs in this action; and

4. For such other and further equitable, legal and declaratory relief as the Court deems just and proper.

This the 9th day of February, 2011.

Respectfully submitted,

/s/ SUSAN K. BURKHART
Attorneys for Plaintiff
CRANFILL SUMNER & HARTZOG LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 863-8709
Facsimile (919) 828-2277
E-mail: skb@cshlaw.com
State Bar No. 10151

# VERIFICATION

Laura H. Berney, being first duly sworn, deposes and says that she is a representative of the Plaintiff; that she has read the foregoing "Verified Complaint for Declaratory Judgment" and knows the contents thereof; that the same is true of her own knowledge except as to those matters and things stated therein upon information and belief, and as to those she believes them to be true.

*Laura H. Berney* (signature)

Subscribed and sworn to before me,

this 8th day of February, 2011.

*(signature)*
NOTARY PUBLIC

My commission expires: Sept. 19, 2011

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOY COLEMAN, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires September 19, 2011

1540405 v1