IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv28

| | |
|---|---|
| UNITED NATIONAL INSURANCE, COMPANY ) ) ) Plaintiff, ) ) v. ) ) HORTON SALES DEVELOPMENT ) CORP., et al., ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Defendant Alexander Beard's Motion to Dismiss [# 11 & # 16]. Plaintiff brought this action for a declaratory judgment pursuant to 28 U.S.C. § 2201. Specifically, Plaintiff seeks a judgment from this Court declaring that the insurance policies at issue do not provide coverage for damages that may be assessed to Defendants under a demand from the South Carolina Department of Health and Environmental Control (the "Department") for recovery of clean-up costs arising from the alleged contamination of a site owned or operated by the Defendants. Defendant Beard filed a two page Motion to Dismiss in which he contends that this dispute does not present a case or controversy under Article III of the United States Constitution because the

declaratory judgment claim is not ripe for adjudication. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 11 & # 16].

I. Background

Plaintiff is a Pennsylvania Company that issued a commercial general liability policy to Defendant Horton Sales. (Pl.'s Compl. ¶¶ 1, 8.) Defendant Horton Sales Development Corp. ("Horton Sales") is a North Carolina corporation with its principal place of business in North Carolina. (Id. ¶ 2.) Defendant Alexander Beard is a South Carolina resident and owns or owned property in North Carolina[1] that was used by Defendant Horton Sales in the operation of its business. (Id. ¶¶ 4-5.) Defendants William Horton and Cathryn Horton (the "Hortons") are North Carolina residents. (Id. ¶ 3.)

In late 2010, the Department sent a letter to the attorneys for one or more of the Defendants demanding payment associated with the environmental clean-up cost at a facility in South Carolina known as the Horton Sales Development Corporation, where Defendants Hortons, Horton Sales, and a third party operated a container recycling business. (Id. ¶¶ 9, 11.) The Department sought reimbursement of $4,269,071.70 for the clean-up costs for the site. (Id. ¶ 11.)

---

[1] Although the Complaint alleges that this property was located in North Carolina, presumably the property at issue is in South Carolina where the alleged contamination occurred.

Subsequently, Defendant Beard sent a letter to Plaintiff demanding that Plaintiff provide a defense and indemnify him for money he may owe as a potential responsible party in connection with the clean-up pursuant to a commercial general liability insurance policy Plaintiff issued Horton Sales. (Id. ¶¶ 12, 14.) Plaintiff denied that it was obligated to provided coverage for Defendant Beard or any other party as a result of the clean-up. (Id. ¶ 13.)

Plaintiff then filed this action, seeking a declaratory judgment from the Court declaring that the insurance policy at issue does not provide coverage for costs associated with the clean-up of the South Carolina site, and that Plaintiff is not obligated to provide a defense to Defendants. Defendant Beard now moves to dismiss the Complaint on the ground that this action is not ripe. Specifically, Defendant Beard contends that Plaintiff's declaratory judgment claim is not ripe for adjudication because the Department has not yet filed an action related to its claim for the clean-up costs of the site.

**II.     Analysis**

Article III of the United States Constitution limits the jurisdiction of federal district courts to "cases" and "controversies." U.S. Const. art. III, § 2. The issue of ripeness bears on whether a dispute meets the case or controversy requirement of Article III. See Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991)

("Doctrines like standing, mootness, and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice."); Union Ins. Co. v. Soleil Group, Inc., 465 F. Supp. 2d 567, 572 (D.S.C. 2006) ("If a dispute is not ripe for judicial review, then it does not meet the case or controversy requirement."). In determining whether a case is ripe, courts must "balance the fitness of the issue for judicial decision with the hardship to the parities of withholding court consideration." Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006) (internal citation and quotation omitted). "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." Id.

In the context of declaratory judgment actions, the Fourth Circuit has explained that:

> The test for a "case or controversy," the constitutional inquiry, is whether the dispute "is definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937). "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. The question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 913 F.2d 165, 167-68 (4th Cir. 1990). A declaratory judgment action, however, may be ripe even though future contingencies may determine whether a controversy becomes real. 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice & Procedure § 2757 (3rd ed. 2010). As a leading commentator has stated:

> The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

Id.

This case presents a real and substantial controversy among the parties. On November 18, 2010, the Department sent Defendant Beard a demand letter demanding payment of over $4 million for clean-up costs associated with the Horton Sales Development Corporation. The Department also provided Defendant Beard with a proposed settlement agreement. Defendant Beard has demanded that Plaintiff provide a defense and indemnify him from any damages he may owe in connection to the clean-up.

All of the pertinent facts necessary for the Court to determine the right to

declaratory relief have occurred. Although the Department has not yet initiated a civil proceeding against Defendants for reimbursement of the clean-up costs, the Court finds that the legal dispute at issue is a substantial controversy and of sufficient immediacy to warrant the issuance of a declaratory judgment. See White, 913 F.2d at 167-68; see also Firemen's Ins. Co. of Washington, D.C. v. Kline & Son Cement Repair, Inc., 474 F. Supp. 2d 779, 785-88 (E.D. Va. 2007); Icarom, PLC v. Howard Cnty., Md., 904 F. Supp. 454, 458 (D. Md. 1995). Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** Defendant Beard's Motion to Dismiss [# 11 & # 16].

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

Signed: September 14, 2011

Dennis L. Howell
United States Magistrate Judge