THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv28

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HORTON SALES DEVELOPMENT )<br>CORP., WILLIAM GREG HORTON, )<br>CATHRYN J. STROHM HORTON, )<br>and T. ALEXANDER BEARD, )<br>)<br>Defendants. )<br>) | **ORDER and NOTICE** |

**THIS MATTER** is before the Court *sua sponte* following the filing of a Motion for Judgment on the Pleadings by the Plaintiff [Doc. 34]; the filing of a Motion for Cross-Judgment on the Pleadings for Liability or, alternatively, for Partial Summary Judgment by Defendant T. Alexander Beard [Doc. 37]; and the filing of a Certification of Mediation Session by the mediator advising that this case has been partially settled [Doc. 42].

I.  **PROCEDURAL BACKGROUND**

On February 9, 2011, the Plaintiff United National Insurance Company filed this declaratory judgment action seeking a determination of its rights and

obligations under a commercial general liability insurance policy issued by the Plaintiff to Defendant Horton Sales Development Corporation ("Horton Sales") for damages that may be assessed against the Defendants under a demand from the South Carolina Department of Health and Environmental Control for recovery of clean-up costs from alleged contamination of a site owned or operated by one or more of the Defendants. [Doc. 1]. On April 4, 2011, William Greg Horton and Cathryn J. Strohm Horton (collectively, "the Hortons"), appearing *pro se,* filed an Answer to the Complaint, asserting that they have no personal liability for the subject clean-up costs. [Doc. 15].

On April 6, 2011, Defendant T. Alexander Beard ("Beard"), appearing *pro se*, filed a Motion to Dismiss, alleging that this matter was not ripe for adjudication. [Doc. 11]. On September 15, 2011, the Honorable Dennis L. Howell, United States Magistrate Judge, entered a Memorandum and Recommendation, recommending that the Motion to Dismiss be denied. [Doc. 20]. On October 6, 2011, this Court entered an Order adopting the Memorandum and Recommendation and denying the Motion to Dismiss. [Doc. 21].

On October 19, 2011, Beard filed his Answer to the Plaintiff's Complaint and Counterclaim. [Doc. 22]. On November 10, 2011, the Plaintiff replied to Beard's Counterclaim. [Doc. 23].

On November 28, 2011, the Court entered an Order directing the Plaintiff to take further action with respect to the failure of Horton Sales to respond to the Complaint. [Doc. 24]. On December 1, 2011, the Plaintiff filed a Motion for Entry of Default against Horton Sales for failure to respond to the Complaint. [Doc. 25]. On January 4, 2012, the Clerk made an entry of default against Horton Sales. [Doc. 27].

On December 12, 2011, the Hortons filed a document entitled "Response to Civil Case No. 1:11 CV 28," asserting that their liability for the subject clean-up costs had been discharged in bankruptcy. [Doc. 26]. On January 24, 2012, the Court entered a Pretrial Order and Case Management Plan in this case. In that Pretrial Order, the Court directed the Plaintiff to respond to the Hortons' December 12, 2011 filing. [Doc. 29]. On February 14, 2012, the Plaintiff filed its Response, asserting that the discharge of the Hortons' debts in bankruptcy did not bar Plaintiff's claim for declaratory judgment against them. [Doc. 33].

3

Thereafter, on May 18, 2012, the Plaintiff filed a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. [Doc. 34]. None of the Defendants responded to the Plaintiff's motion. On June 11, 2012, Beard filed a cross-motion for judgment on the pleadings, or alternatively, for partial summary judgment. [Doc. 37].

On September 14, 2012, the parties' mediator, Donald Britt, filed a Certification of Mediation Session, advising that this matter has been settled as between the Plaintiff and Beard. [Doc. 42].

## II. DISCUSSION

### A. Roseboro Notice

In view of the Hortons' *pro se* status, the Court hereby provides notice to them, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the burden that they carry in responding to the Plaintiff's Motion for Judgment on the Pleadings [Doc. 34].

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In ruling on a Rule 12(c) motion, the Court "must accept the nonmovant's allegations as true[,] viewing the facts in the light most favorable to the nonmoving party. Judgment on the

4

pleadings should be granted if the movant is entitled to judgment as a matter of law." Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004) (citation omitted). This standard is similar to that used in ruling on a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. v. United Parcel Serv., Inc., No. 1:09CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citation and internal quotation marks omitted). Where an insurance policy is "integral to and explicitly relied upon in the complaint," the policy itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F.Supp.2d 590, 596 (M.D.N.C. 2004).

The Court hereby advises the Defendants William Greg Horton and Cathryn J. Strohm Horton that failure to respond to the Plaintiff's Motion for Judgment on the Pleadings may result in the Plaintiff being granted the relief it seeks, that is, a declaratory judgment construing the subject insurance policy as affording no defense or indemnity for pollution recovery costs sought from the Defendants by the South Carolina Department of Health and Environmental Control.

Because the Court is just now informing the Defendants of the burden they have in responding to Plaintiff's motion, it will allow the Defendants an additional twenty-one (21) days from the entry of this Order to respond to the motion.

### B.     Partial Settlement of the Case

In light of the Mediator's report advising that the Plaintiff and Defendant Beard have settled their respective claims against each other, the Court will deny Defendant Beard's Motion for Judgment on the Pleadings for Liability or, alternatively, for Partial Summary Judgment [Doc. 37] as moot.  The Court will allow these parties thirty (30) days in which to file a stipulation of dismissal.

### O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants William Greg Horton and Cathryn J. Horton may respond to the Plaintiff's Motion for Judgment on the Pleadings [Doc. 34] within twenty-one (21) days from the entry of this Order.  **Failure to file a timely and persuasive response will likely lead to the entry of a declaratory judgment in the Plaintiff's favor.**

6

**IT IS FURTHER ORDERED** that Defendant Beard's Motion for Cross-Judgment on the Pleadings for Liability or, alternatively, for Partial Summary Judgment [Doc. 37] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff and Defendant Beard shall file a Stipulation of Dismissal of their respective claims against each other within thirty (30) days of the entry of this Order.

The Clerk is respectfully **DIRECTED** to send a copy of this Notice and Order to the *pro se* Defendants at their respective addresses of record.

**IT IS SO ORDERED**.

Signed: September 27, 2012

Martin Reidinger
United States District Judge